# LUCIUS CUMMINGS *v.* J. W. BROCK.

### *Division Fence, Administrator not bound to Build.*

1. An administrator is not *personally* liable in an action brought upon the statute, G. S. c. 102 (R. L. s. 3184), which provides that when one of the owners of adjoining lands neglects to build his proportion of the division fence, the person injured thereby may build it and recover therefor.
2. Under the statute, R. L. s. 981, an express promise of the defendant, as administrator, unless made in writing, to pay for the expense of building the fence, would be void.
3. Whatever contract the defendant made as to the division of the fence, he made verbally, as administrator; and not being bound by his relation to the property to build the fence, he is not liable to pay any portion of the expense.
4. R. L. s. 981, Statute of Frauds, administrator not bound by verbal promise; G. S. c. 102, as to division fence.

ACTION on the case, brought upon chapter 102 of the General Statutes. Plea, general issue, and notice that the defendant was

administrator of the estate of Levi Boutwell, and had no interest, personally, in the fence in question; that the fence divided the lands of the plaintiff and of said estate, etc. Heard by the court, March Term, 1881, Washington County, TAFT, J., presiding. Judgment for the plaintiff. On trial no question was made but that the fence was upon the dividing line between the lands of the plaintiff and the lands of said estate; or that the defendant was administrator of the said estate. The other facts are sufficiently stated in the opinion.

*H. W. Heaton* and *J. A. Wing*, for the defendant.

We submit:

The administrator in possession of lands as administrator cannot be made personally liable for building a division fence in any case; and he cannot be made liable, as administrator, beyond the funds in his hands. *Thayer* v. *Patridge*, 47 Vt. 423; *Rust* v. *Low*, 6 Mass. 90; *Blands, Admr.,* v. *Olmstead*, 23 Pa. 316; *Bradbury* v. *Gilford*, 53 Me. 99; *Burr* v. *Homor*, 12 Neb. 483; *Knox* v. *Tucker*, 48 Me. 373; *Ellis* v. *Ellis*, 39 Me. 526; *Webber* v. *Closson*, 35 Me. 26; *Sturtevant* v. *Merrill*, 33 Me. 62; *Walker* v. *Watson*, 8 Ala. 493; *Stallcap* v. *Bradley*, 3 Cold. (Tenn.) 406.

*T. J. Deavitt*, for the plaintiff.

It was the defendant's duty to contribute equally with the plaintiff in building the partition fence between them. The division of the line fence was made while the relation of adjoining owners or occupiers existed and was binding as long as that relation existed, or until revoked. They agreed to it and acted upon it.

An *occupier* is bound by statute to build one-half of a division fence. *Saxton* v. *Bacon*, 31 Vt. 545; *Town* v. *Lamphire*, 36 Vt. 102; *Tupper* v. *Clark*, 43 Vt. 200; *York* v. *Davis*, 11 N. H. 241; *Tewksbury* v. *Bucklin*, 7 N. H. 518; *Guyer* v. *Stratton*, 29 Conn. 421; *Bush* v. *Brainard*, 1 Conn. 78. By appearing and pleading the general issue the defendant waives any objection to the plaintiff's right to sue him upon the cause of action

set forth in the declaration. *Holdridge* v. *Holdridge's Est.*, 53 Vt. 546. The defendant is personally liable. *O'Hear* v. *Skeeles*, 22 Vt. 152; *Powers* v. *Douglass*, 53 Vt. 475; *Haskell* v. *Bowen*, 44 Vt. 585.

The opinion of the court was delivered by

ROYCE, Ch. J.   This was an action on the case brought upon Chap. 102 of the General Statutes, to recover the expense of building a portion of a division fence. Under the plea of the general issue, it was incumbent upon the plaintiff to show that the fence had been so divided as to make it the duty of the defendant to build that portion of it that was built by the plaintiff. The evidence introduced by the plaintiff and upon which he based his right of recovery, shows unmistakably that whatever contract he made with the defendant in relation to the division of the fence he made with him, as the administrator of the estate of Levi Boutwell. That the fence he built was upon the line dividing the lands of the plaintiff and land owned by Boutwell's estate, that he so understood the matter, is evidence of the fact, that the claim presented by him to the defendant for pay for building the fence was against Levi Boutwell's estate. The plaintiff must have known that the defendant was under no personal liability to build division fences between his land and land belonging to the estate of Boutwell. The legal duty rested upon the estate of Boutwell ; and whatever the defendant did in the matter was done as the representative of that estate.

Sec. 981, R. L., provides that no action at law shall be brought upon a special promise of an administrator to answer damages out of his own estate, unless the promise is in writing and signed by the party to be charged therewith.

In *Harrington* v. *Rich*, 6 Vt. 666, it was alleged that the plaintiff held a demand against the estate of Samuel Rich, of which the defendant was administrator; that the claim was disputable; that the parties agreed to submit the matter to the determination of arbitrators chosen by them ; that the defendant agreed to pay said demand if the arbitrators should decide that

it was justly due; that the defendant revoked the submission, and consequently the plaintiff's remedy against the estate was defeated, and his claim wholly lost. The court held under the same statute, which has ever since been in force, that the agreement was void.

An express promise of the defendant, as administrator, unless made in writing, to pay for the expense of building the fence, would be void. The statute only imposes the duty upon those who are bound to support the fence. The defendant not being so bound by any legal contract or the relation he sustained to the property, is not liable to pay any portion of the expense of building it.

An administrator can invoke the protection of the Statute of Frauds against liability upon a verbal promise or agreement; and he will be equally protected when he is charged with liability as the consequence of such a contract or agreement. The right to make this defence is not impaired from the fact that the right of action is given by a statute, and the action is brought upon the statute. It was held in *Ferritt* v. *Atwill*, 1 Blatchf. 155, that in actions directly upon a statute or on rights derived from a statute, the party prosecuting must allege and consequently prove, every fact necessary to make ·out his title to the thing demanded, and his competency to sue for it.

The judgment is reversed, and judgment rendered for the defendant.